**In re James R. VENT.**

**Randy LUNSFORD, Plaintiff,**

v.

**James R. VENT, Defendant.**

**Bankruptcy No. 94–50408 S.**
**Adv. No. 94–5029.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 18, 1995.

---

Jack Files, Little Rock, AR, for Plaintiff.

William Benton, Pine Bluff, AR, for Defendant.

### ORDER DENYING MOTION TO DISMISS AND SUSPENDING ADVERSARY PROCEEDING

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendant's Motion to Dismiss Adversary Proceeding, filed on June 30, 1995. The debtor originally filed his bankruptcy case under Chapter 7 of the Bankruptcy Code, on August 31, 1994. The schedules listed only two debts: the debtor's automobile loan and a judgment based upon debtor's assault upon plaintiff with a firearm. The Chapter 7 schedules also reflected that the debtor had monthly income of $700 and expenses of $699.

The plaintiff timely filed a complaint under section 523(a) of the Bankruptcy Code, asserting that the assault was a wilful and malicious act such that the debt was nondischargeable. One day after the parties filed their joint pre-trial statement, the debtor filed a motion to convert his case to a case under Chapter 13 of the Bankruptcy Code. New schedules I and J were filed, which,

unlike the previous schedules, included debtor's spouse's income and expenses. The new schedules created $210 of disposable income. No objections to the conversion, based either upon bad faith or feasibility, were filed and the case was converted by Order dated April 11, 1995.

The proposed plan provided for a payment to the trustee of $210 per month with payments to be made on the debtor's automobile loan in the amount of $172 per month. Fees to the trustee and $1,000 to the debtor's attorney would also be paid through the plan. The plaintiff unsecured creditor would receive a pro rata distribution of any remaining funds, which under this plan, would be virtually nothing. Despite the potential arguments against the plan, no objections were filed to the proposed conversion or to the plan, and, on June 15, 1995, the debtor's plan was confirmed.

A plan providing for plaintiff's claim having been confirmed, the debtor filed the instant motion to dismiss. The plaintiff responded that the adversary proceeding continue with the claim being designated "undisputed secured,"[1] or, alternatively that the case be converted to a case under Chapter 7 based upon the debtor's bad faith.

Under section 1327(a) of the Bankruptcy Code, a confirmed plan is binding upon the debtor and each creditor. Once the plan payments are completed, with few exceptions, the debtor is discharged of all debts provided for in the plan. 11 U.S.C. § 1328(a). Thus, the discharge under Chapter 13 discharges debts arising from intentional torts which would be otherwise nondischargeable in a Chapter 7 case are in fact discharged. In order to avoid the effect of this discharge, a creditor holding an unsecured judgment need object to the confirmation of the plan or seek dismissal of the Chapter 13 case.[2] In the instant case, it appears that plaintiff could have objected to

---

1. The Court cannot, in this instance, create a secured interest where none existed. If the judgment were perfected pursuant to state law, the lien flows through bankruptcy, continuing to attach to prepetition assets, unless it is otherwise avoided.

2. This is generally done within the context of the bankruptcy case, not an adversary proceeding.

both the conversion and to the plan, based upon bad faith and feasibility.[3]

 However, the plaintiff failed to object either to conversion to Chapter 13 or to confirmation. Accordingly, he is bound by the terms of the plan which provides for a minuscule payment, if any, and, ultimately at completion of the plan, for discharge of the debt. Grounds for dismissal or conversion, 11 U.S.C. § 1307, have neither been pleaded, argued, nor proven. Revocation of confirmation is a remedy only if the order of confirmation was procured by fraud. 11 U.S.C. § 1330. There is no evidence of fraud. Accordingly, the remedies under section 1307 and 1330 do not exist at this time such that the plaintiff is bound by the terms of the plan.

 Although the amount the plaintiff will receive on his debt is determined by the plan, a discharge is not entered until such time as the debtor completes all payments under the plan. 11 U.S.C. § 1328. Grounds for conversion or dismissal under section 1307 could yet arise. Accordingly, although the adversary proceeding is mooted by the existence of the Chapter 13 case, a subsequent conversion would resurrect the viability of the complaint. Therefore, the Court deems it appropriate that the adversary proceeding file remain open until such time as the debtor's discharge is entered.

**ORDERED** that the Motion to Dismiss Adversary Proceeding, filed on June 30, 1995, by the debtor is DENIED. Litigation of this adversary proceeding is SUSPENDED pending completion of the Chapter 13 case.

**IT IS SO ORDERED.**

---

3. While these issues exist based upon the statements of the parties and the contents of the file, the Court expresses no opinion on the merits of either of these grounds.